IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL ACTION NO. |
| : | 1:06-CR-0184-RWS |
| NIKITA L. CHELSEY, : | |
| : | |
| Defendant.   : | |

**ORDER**

This case is before the Court for consideration of Defendant's Motion for Reduction of Sentence [28]. After reviewing the entire record, the Court enters the following Order.

On June 29, 2006, Defendant pled guilty to Counts One and Three of the Indictment charging her with possessing and uttering counterfeit securities. Defendant's plea was pursuant to a plea agreement that included a waiver of her "right to appeal her conviction and sentence and the right to collaterally attack her sentence in any post-conviction proceeding on any ground including a Section 2255, except that the Defendant" could file an appeal if the Court found her total offense level to be greater than 13 or if the Government filed an

AO 72A
(Rev.8/82)

appeal. (Plea Agreement [19] at 3-4). On March 6, 2007, Defendant was sentenced to the custody of the Bureau of Prisons for a term of 46 months on each count, to be served concurrently. Defendant was also ordered to pay restitution and a special assessment and, following her confinement, ordered to be placed on supervised release for a term of 3 years . Defendant did not file a direct appeal of her sentence.

In her present Motion, Defendant requests that the Court reduce her sentence consistent with Amendment 709 of the United States Sentencing Guidelines. Pretermitting the question of whether Defendant has waived her right to bring the present motion, the Court finds that she is not entitled to the relief she seeks. Amendment 709 includes a provision amending the calculation of a defendant's criminal history category. Specifically, U.S.S.G. § 4A1.2(c)(1) is amended such that misdemeanor and petty offenses are counted in the criminal history calculation if a sentence of probation of more than one (1) year is imposed. Prior to the Amendment, such offenses were counted if the sentence was a term of probation of at least 1 year.

In paragraphs 46 and 48 of the Presentence Report, Defendant received 1 point for each of two misdemeanor offenses for which she received a sentence

2

AO 72A
(Rev.8/82)

of 12 months probation.  Under Amendment 709, Defendant would not have received these points, and her resulting criminal history category would have been IV rather than V, reducing her custody guideline range from 41-51 months to 33-41 months.  Retroactivity of amendments to the Sentencing Guidelines is governed by U.S.S.G. § 1B1.10.  Only amendments listed in subsection (c) have retroactive effect.  Amendment 709 is not included within that subsection and, thus, does not have retroactive application.

Accordingly, Defendant's Motion for Reduction of Sentence [28] is hereby **DENIED**.

**SO ORDERED** this   4th   day of March, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE